# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHLOE MORGANE,<br>    Plaintiff,<br><br>       v.<br><br>SUR LA TABLE, INC., et al.,<br>    Defendants. | CV 18-9837 DSF (JCx)<br><br>Order Remanding Case |

   Defendant Sur La Table, Inc. removed this case based on diversity jurisdiction.  Sur La Table does not contest that named defendant Rocky Diaz and Plaintiff Chloe Morgane are both citizens of California.  Sur La Table claims that diversity jurisdiction nonetheless exists because Diaz is fraudulently joined.

   A defendant who is a resident of the forum state is fraudulently joined "'if the plaintiff fails to state a cause of action against [the] resident defendant, and the failure is obvious according to the settled rules of the state.'"  Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001) (quoting McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987)).  "[T]he test for fraudulent joinder and for failure to state a claim under Rule 12(b)(6) are not equivalent."  Grancare, LLC v. Thrower, 889 F.3d 543, 549 (9th Cir. 2018).  In evaluating a claim of fraudulent joinder, "a federal court must find that a defendant was properly joined and remand the case to state court if there is a '*possibility* that a state court would find that the complaint states a cause of

action against any of the [non-diverse] defendants.'" Id. (quoting Hunter v. Philip Morris USA, 582 F.3d 1039, 1044 (9th Cir. 2009)) (emphasis in original). In this inquiry, "the district court must consider . . . whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." Id. at 550.

Sur La Table claims that Diaz is fraudulently joined because (1) Diaz is not alleged to have interacted with the Plaintiff after April 16, 2017 and Plaintiff's DFEH complaint for harassment was filed beyond the one-year limitations period based on that date; (2) the IIED claim against Diaz is insufficiently pleaded; and (3) the other claims against Diaz are categorically claims that cannot be raised against supervisors. The first two deficiencies do not rise to the level of fraudulent joinder. While it may or may not be correct that Plaintiff's current pleading suggests a statute of limitations problem and contains deficient IIED allegations, there is no reason to believe that it is impossible for Plaintiff to rectify these problems through amendment. There is no obvious categorical bar to several of Plaintiff's claims against Diaz and he is not fraudulently joined.

The case is REMANDED to the Superior Court of California, County of Los Angeles.

IT IS SO ORDERED.

Date: November 27, 2018

Dale S. Fischer
United States District Judge